IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 5-9-2013
TIME: 10:18 Am
INITIALS: T.D.

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Cr. No. <u>12-20081</u>
)
ESIQUIEL SANCHEZ, )
)
Defendant. )

## MEMORANDUM OF PLEA AGREEMENT

The Defendant, Esiquiel Sanchez, by and through his counsel, Michael Scholl, knowingly and voluntarily agrees with the United States, through the United States Attorney for the Western District of Tennessee, through the undersigned Assistant U.S. Attorney, that they have reached the following agreement.

1. The Defendant agrees:

(A) to plead guilty to Count One of the indictment in case number 12-20081 charging him with violations of 21 U.S.C. § 846 and 841(a)(1);

(B) to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his rights to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(C) to waive his right to appeal his sentence, unless the Court exceeds the maximum guideline sentence as established for the agreed upon amount of relevant conduct established below in paragraph 2(B). The Defendant is aware that Title 18 United States Code, section 3742 affords him/her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he/she

has discussed the appeal waiver set forth in this agreement with his/her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his/her right to appeal the sentence to be imposed in this case was knowing and voluntary;

   (D) that he is pleading guilty, knowingly and voluntarily, because he is in fact guilty of the violations alleged in the indictment;

   (E) the special assessment of $100 per count is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing;

  2. The parties jointly agree:

   (A) that this plea agreement is just a recommendation and that if the court does not follow any of these recommendations, the Defendant will not have the right to withdraw this plea of guilty;

   (B) that assuming the defendant has otherwise complied with the conditions of the plea agreement, the United States agrees to recommend to the Court that the defendant's drug quantity amount be limited to 500 grams of cocaine and;

   (C) that the appropriate sentence under 18 U.S.C. § 3553 is within the applicable guideline range for the agreed upon drug quantity amounts for his criminal history category which is to be determined by the Court at sentencing.

  3. The United States agrees, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, to recommend that the Defendant receive three points for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, provided he continues to exhibit acceptance of responsibility. The Defendant understands that if in the opinion of the United States, it is learned that the Defendant engages in or is found to have previously engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying his involvement in this offense, between now and the time of sentencing, this position could change.

  4. Neither the United States nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. The Defendant understands that any discussions with his attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees.

5. If the United States, solely within its discretion, judges that the Defendant violated any federal, state or local law, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines §3C1.1 or has failed to make any court appearances in this case, or if the Defendant attempts to withdraw the plea, or if he engages in any conduct inconsistent with acceptance of responsibility, including, but not limited to, minimizing the scope of his criminal involvement, or engaging in additional criminal conduct, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty.

6. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to the Defendant or to the Defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties.

_Sanchez Ezequiel_  
Esiquiel Sanchez  
Defendant

Date: 5-9-13

_Michael Scholl_  
Michael Scholl  
Attorney for Defendant

Date: 5-9-13

EDWARD L. STANTON, III  
UNITED STATES ATTORNEY

By: _W. Chris Scruggs_  
W. Chris Scruggs  
Special Assistant U.S. Attorney

Date: 5-9-13

3